## Standard Security Life Insurance of New York
### Prepared by Marlton Risk Group

**Proposal ID:** 024519                    **Date:** 12/20/2000

**Employer/Plan Sponsor:** Sterling Engineering

### Specific Coverage Proposal

| Specific Deductible | Rate Per Participant Per Month | | | Monthly Specific | Annual Specific Premium |
|---|---|---|---|---|---|
| | Employee | Dependent | Composite | | |
| 20,000 | 73.62 | 75.72 | 123.50 | 10,498.02 | 125,976.24 |
| 25,000 | 66.20 | 67.66 | 110.77 | 9,415.96 | 112,991.52 |
| 30,000 | 57.51 | 58.58 | 96.10 | 8,168.83 | 98,025.96 |

Specific Contract Basis: Incurred in 24 / Paid in 12
Specific Actively-At-Work Provision: Actively At Work Waived

### Aggregate Coverage Proposal

| Attachment Factors/Participant/Month | | | Annual Aggregate Attachment Point | Minimum Annual Attachment Point | Aggregate Premium |
|---|---|---|---|---|---|
| Employee | Dependent | Composite | | | |

Risk Corridor: %
Aggregate Premium Mode: Per Participant per Month
Aggregate Contract Basis: Incurred in 24 / Paid in 12
Aggregate Accounting Basis: Monthly
Aggregate Actively-At-Work Provision: Full Waiver

Claims Administrator: Pioneer Management Systems
City: Holyoke                    State: MA

I understand that the above figures are based on census provided for quoting purposes and may change as a result of final enrollment.

Authorized Officer Signature: *Joseph L Lavery*
Secretary                    Date: 1-27-01

## Standard Security Life Insurance of New York
### Prepared by Marlton Risk Group

| | | | |
|---|---|---|---|
| Employer/Plan Sponsor: Sterling Engineering | | Proposal ID: | 024519 |
| Street: | | Date: | 12/20/2000 |
| City: Winsted | | Industry Code: | 00359 |
| State: CT | | | |
| Zip: 06098 | | Effective: | 02/01/2001 |

### Demographics

| Locations | | Age/Sex Breakdown | | |
|---|---|---|---|---|
| Zip | Employees | Age | Male | Female |
| 60 | 85 | < 30 | 5 | |
| | | 30 - 34 | 3 | |
| | | 35 - 39 | 11 | |
| | | 40 - 44 | 23 | 2 |
| | | 45 - 49 | 7 | 1 |
| | | 50 - 54 | 14 | 2 |
| | | 55 - 59 | 6 | |
| | | 60 - 64 | 7 | 1 |
| | | 65 - 69 (Active) | 2 | 1 |
| | | 70 + (Active) | | |
| | | 65 + (Retired) | | |
| TOTAL: | 85 | TOTALS: | 78 | 7 |

Total Singles: 29     Total Families: 56

| | | |
|---|---|---|
| Total COBRA participants included above: | Maximum lifetime liability: | 2,000,000 |
| Total retired participants included above: | Plan sponsor's plan of Benefits Includes PPO option? | YES |
| Are the participants covered eligible for Medicare ? | Mental/nervous/substance abuse lifetime: | Per Plan Document |
| Base Deductible: 100 | Maximum Out of Pocket: | 1,100 |

| | Most Recent Period | Prior Plan Year |
|---|---|---|
| From: | | |
| To: | | |
| Paid Claims: | | |
| Average Participants: | | |

I hereby confirm that, to the best of my knowledge, all of the above information is accurate and complete.

Authorized Officer Signature: _Joseph L Lavenh_

Secretary       Date: 1-27-01

**Standard Security Life Insurance of New York**
**Prepared by Marlton Risk Group**

roposal ID: 024519                                Date:   12/20/2000

mployer/Plan Sponsor:  Sterling Engineering

)ecific Insurance: 100% of eligible claims up to a maximum of $2,000,000 per covered person, less
e Specific Deductible for that person, shall be reimbursed by Standard Security Life Insurance of New York
 the time of claim after specific deductible has been paid by policyholder except in PA upon request.
ggregate Insurance: 100% of eligible claims for covered expenses in excess of the Aggregate Attachment Point,
) to a maximum of  $,   ,    shall be reimbursed by Standard Security Life Insurance of New York.

)ecific Insurance may be elected by itself. Aggregate Insurance must be accompanied by Specific Insurance.

)ecific Premium is payable monthly unless otherwise agreed to in advance. Aggregate Premium is payable Annually
 advance if an annual amount is indicated above. Aggregate Premium is payable on a Per Participant Per Month
.sis if so indicated above.

tis quotation is based on standard policy provisions, limitations and exclusions and is subject to change upon receipt
 final enrollment, a completed Employer Questionnaire, and any other conditions specified in the covering letter
.ached.

;ent does not have the authority to bind or modify the terms of this quotation or the policy to be issued without the
ior approval of Standard Security Life Insurance of New York.

ie Proposed Premiums and Aggregate Factors are based on the data submitted. Any inaccuracy in the data or any
iterial change in the plan design or census prior to or on the actual effective date will necessitate recalculation of
: premiums and factors. This proposal is valid thru 02/01/2001

;gregate accomodation is available to groups under 200 lives @ $2.00 per employee per month.
 )nversion privilege is available for $1.20 per employee monthly and is billed in advance for the year.
 )verage ceases upon termination of the administrator or placement of an insured policy or non payment of
emium or end of policy term.

this proposed insurance is accepted, indicate which quote is being applied for, and return all three pages of this
)posal along with the appropriate deposit premium to Marlton Risk Group.

ike premium deposit payable to Marlton Risk Group.

lect a $ __30,000__  specific deductible.

__Barkhamsted    CT__            __Sterling Engineering Corp__
Signed at                          Applicant [correct legal name]

__1-27-01__                         __Joseph L Lavrenz__
Date                               By [officer's name and title]
                                   __Secretary__

# MARLTON RISK GROUP

## STOP LOSS DISCLOSURE STATEMENT

Please list those covered persons who have incurred medical expenses in excess of 50% of specific (paid/pending) in the last 12 months

| Covered Person | Diagnosis | Amount Paid | Amount Pending | Prognosis |
|---|---|---|---|---|
| See attached | | | | |

Please list those employees which are not actively at work and/or will not be actively at work on the coverage effective date.

| Employee Name | Last Date Worked | Diagnosis | Amount Paid | Amount Pending | Prognosis |
|---|---|---|---|---|---|
| None | | | | | |

Please list dependents of active employees, COBRA beneficiaries (including dependents) and retirees (including dependents) who are currently hospital confined.

| Dependent Name | Date Disability Commenced | Diagnosis | Amount Paid | Amount Pending | Prognosis |
|---|---|---|---|---|---|
| None | | | | | |

Other than those individuals listed above, please list any other covered person where a) medical expenses are expected to reach or exceed 50 % of the specific deductible and/or b) any person to be covered known to have any of the following conditions: AIDS, ARC, cancer, leukemia, severe cardiovascular disease, any severe disorder of a major organ system, severe burns or trauma, any form of paralysis, premature infancy; or is a potential organ transplant candidate. (Including pre-certified claims.)

| Covered Person | Diagnosis | Amount Paid | Amount Pending | Prognosis |
|---|---|---|---|---|
| None | | | | |

Should you require additional space to complete this form, please use the reverse side of this form, or append a separate sheet of paper

I have reviewed this form and the information given is complete and accurate, to the best of my knowledge. I understand that if the information given is not complete and accurate, the stop loss plan may be re-rated and individuals not disclosed may be individually underwritten retroactive to the effective date.

(Proposed) Effective Date:_____

Employer Name: Sterling Engineering

_____
Officer- Third Party Administrator
(As Agent of the Employer)

Officer - Employer (Signature) Joseph L. Lavieri

Name and Title (Print) Joseph L. Lavieri JR Secretary

Date  1-27-01

## STERLING ENGINEERING

| Member | Diagnosis | Prognosis/Procedure | Estimated Costs | |
|---|---|---|---|---|
| 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<br>YTD: $16,622.98 | Bipolar/manic depressive disorder | Guarded,<br>On-going care | $15,000 | A. Andrew |
| 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<br>YTD: $13,282.35 | Deviated nasal septum<br>Outpatient surgery 7/00 | Resolved | $0 | JNL |
| 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<br>YTD: $11,048.32 | Abdominal pain<br>Diverticulitis/<br>Colectomy 7/00 | Stable at present | $5,000 | Pat Mel |
| 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<br>YTD: $11,500.13 | Depressive psychosis<br>Chronic liver disease | Guarded<br>Guarded | $8,000<br>$15,000 | E. Sorli— |
| 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<br>YTD: $11,072.25 | Cholesystitis/Laparascopy<br>Cholecystectomy 8/00<br>Recurrent depression | Resolved<br><br>Guarded, on-going OP Rx | $0<br><br>$10,000 | DStrm.<br>wh— |
| 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<br>YTD: $11,425.94 | Open wound finger/<br>Amputation of finger 6/00 | Resolved | $0 | J. Wilcox<br>Sr. |

STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK
485 Madison Avenue, New York, NY 10022-5872   Telephone 212/355-4141

APPLICATION FOR EXCESS (STOP LOSS) INSURANCE       POLICY # MP-208-01

The Undersigned hereby applies to Standard Security Life Insurance Company of New York (the Company), through their Managing General Agent, Marlton Risk Group, for Excess Insurance as follows in connection with its self insured Health Care Benefit Plan. A Plan description describing the nature and amounts of all benefits provided by the Health Care Benefit Plan must be attached to this application.

1.  Type applied for:

| AGGREGATE EXCESS INSURANCE  NOT APPLICABLE | **MAXIMUM INDEMNITY - EXCESS OF ATTACHMENT POINT**<br>[ / ] $100,000   [ / ] $250,000   [ / ] $500,000   [ / ] $1,000,000<br>[ / ] Other_____ |
|---|---|
| | **SELF FUNDED BENEFITS TO BE COVERED**<br>[ / ] Medical   [ / ] Dental   [ / ] Rx   [ / ] Vision<br>[ / ] Other_____ |
| | **TYPE OF CONTRACT DESIRED – COVERING CLAIMS**<br>[ / ] Incurred and Paid in Contract Period.<br>[ / ] Other_____ |

| SPECIFIC EXCESS INSURANCE | **DEDUCTIBLE**<br>[ ] $10,000   [ ] $15,000   [ X ] $20,000   [ ] $25,000<br>[ N/A ] Other_____ |
|---|---|
| | **MAXIMUM INDEMNITY - LESS DEDUCTIBLE**<br>[ ] $50,000  [ ] $100,000  [ ] $250,000  [ ] $500,000  [ ] $1,000,000<br>[ X ] Other $2,000,000.00 |
| | **SELF FUNDED BENEFITS TO BE COVERED**<br>[ X ] Medical |
| | **TYPE OF CONTRACT DESIRED – COVERING CLAIMS**<br>[ N/A ] Incurred and Paid in Contract Period.<br>[ X ] Other   INCURRED in 24 months / PAID in 12 months |

AP-GSL-1                                1   \\mm\sys\home\margie\standard\policies\sterling.app.doc

2.  Requested Effective Date: <u>February 1, 2001</u> (This date is subject to approval by the Company).

**AGENT OR FIRM**
**BROKER**

| Pioneer Management Systems, Inc. |
|---|
| **NAME** |

| 330 Whitney Ave., P.O. Box 6600, Holyoke, MA 01041-6600 | |
|---|---|
| **ADDRESS** | **ZIP** |

| Bruce E. Suchy | 413-539-9900 |
|---|---|
| **PERSON TO CONTACT** | **PHONE** |

**THIRD PARTY**
**ADMINISTRATOR**

| Pioneer Management Systems, Inc. |
|---|
| **NAME** |

| 330 Whitney Avenue, 7th Floor, P.O. Box 6600, Holyoke MA 01041 | |
|---|---|
| **ADDRESS** | **ZIP** |

| Brian Suchy | (413) 534-3200 |
|---|---|
| **PERSON TO CONTACT** | **PHONE** |

3.  The sum of $ <u>N/A - renewal</u> is attached to be applied as a deposit to the initial premium for the insurance requested above, subject to the conditions stated below.

4.  It is understood and agreed as a condition precedent to the approval of this Application that:

    a)  The undersigned shall furnish to Marlton Risk Group, for their approval a copy of the executed Health Care Plan (Plan Document) describing the benefits provided by the Plan which shall be kept on file in the office of Marlton Risk Group. No Contract will be released nor claim reimbursed until such time that an acceptable plan document is received and approved by Marlton Risk Group. In the event of a material variance, in the judgment of Marlton Risk Group between the Plan Document received by Marlton Risk Group and the plan benefit provisions upon which the terms and rates of the aggregate and specific excess coverage were based, Marlton Risk Group may, at their option, decline to release the contract until such time that an acceptable Plan Document is; received; approved; and on file in their offices.

    b)  The undersigned will provide or employ plan supervision and claim administration facilities acceptable to the Company or Marlton Risk Group to administer the Plan and to process and pay claims according to the Plan Document;

    c)  The receipt by the Company of the sum stated above; and deposit of any check drawn in connection with this application shall not constitute an acceptance of liability. In the event the Company does not approve this application; their sole obligation shall be to refund such sum to the undersigned;

    d)  Any aggregate and/or Specific Excess Insurance shall be described in the Contract (s) issued;

e) Experience; census; and other information contained in the Stop Loss Quotation Request as furnished by the applicant directly; or through its representative, are the primary data elements on which the Company's proposal was based. In accepting the Contract (s), the undersigned represents that, to the best of his knowledge and belief, such information accurately reflects the true facts. Accordingly, this application will become a part of the insurance contract if issued;

f) Any Insurance resulting from this application shall be subject to the terms and provisions of the policy; or policies herein applied for. Insurance shall become effective; on the date specified in this application if the underwriting requirements of the Company have been met; and the required premiums paid, whether or not the Group Policy has been issued and delivered.

g) The employer further understands and represents that the statements, declarations and representations made in this application and the "Plan Document" referred to in this application are his representations and that the policy issued in reliance upon the truth of such statements; declarations; and representations which form a part of the policy and that this policy embodies all agreements existing between the Insured and Standard Security Life Insurance Company of New York, or any of its agents, relating to this insurance.

The undersigned Employer represents that he has read the entire Application for Stop Loss Insurance and understands that the insurance requested herein is not in effect until this application is approved and accepted by the Company or Marlton Risk Group.

Signed at: __Barkhamsted  CT__  Date: __1-27__, __2001__

Proposed Insured: __Sterling Engineering__

Address: __Route 44, P.O. Box 559, Winsted, Connecticut__   Zip __06098__

_____
Signature of Authorized Person

__Secretary__
Title

_____
Authorized Agent

8/9/01   NOTES CONCERNING PACHULSKI STOP LOSS
JOSEPH LAVIERI JR.

On January 5, 2001, Brian Suchy and Kristina Olesen from Pioneer came here to Sterling's office to present plan renewal figures. The probability of a kidney transplant operation for Matthew Pachulski was discussed at that time, perhaps his name not being mentioned. It was my understanding from the Pachulski family that a transplant was inevitable.

Subsequently I received a renewal form from Standard Security Life for the stop loss coverage beginning Feb. 1, 2001. This form has the fax date of Dec. 20, 2000 but it was not sent to me until some time in January 2001. I noticed that Question 4 asked about any "known cases of severe disorder of a major organ system" or "potential organ transplant candidate". I called Brian Suchy at Pioneer to ask him why the potential organ transplant was not indicated after I had revealed it to him. He said that we should not divulge any more information that is necessary on the form, and that the Pachulski case had not yet generated enough claims to warrant attention. I agreed to go by his judgment and signed the form as it was prepared on January 27, 2001.

It has been the history of our self-funded health insurance plan that the stop loss application form is prepared by the TPA, in this case Pioneer, and is sent along for signature by a company officer. I have signed these on a number of occasions. Pioneer was made aware of the need for a kidney transplant on at least two occasions.

I do not recall the date, but at some point Kristina Olesen of Pioneer called me to discuss a matter. She is our customer relations person at Pioneer and had recently replaced Heidi Tracy in that position. Kristina told me on this call that there was some possibility that the Stop Loss carrier would deny the Pachulski claim based on non-disclosure of it on the application form. She further said that even if it had been disclosed, they might have refused to cover this claim anyway. I told her that Sterling Engineering would be very unhappy in this event. I never heard any more from her about this matter.

After some time I started inquiring about the status of the stop loss claim. I inquired by phone through Kristina Olesen and Tracy Stanlewicz and left messages for both of them to call to advise me on the status of the stop loss claim. Neither of them returned my call. Some days later, Peter Schonberger, Manager of Client Relations at Pioneer, called me to say that it was his understanding that Standard Security Life had denied the Pachulski claim. He was not certain if it was a final decision on their part. I thanked him for the information and told him I wanted to discuss the matter with Brian Suchy. I don't remember if I called Brian, or he called me, but we had a phone conversation in which he said the Pachulski claim was denied and that was a final determination. He said that he has denials of stop loss claims frequently and that is the way in the insurance industry today. I told him we were very disappointed in Pioneer.

During the phone call from Peter Schonberger he said that there was some $37000. in additional claims for the kidney transplant that had not been passed along to us on check registers. He wanted authorization to put these charges in two equal installments on the next two check registers sent to us for funding. We normally receive one check register each week. I said I would like to defer that decision so I could consult with other people at Sterling. He said ok and that they would try to get Hartford Hospital to agree to a stretch out of the payments for the charges.



July 06, 2000

carbon to:
ERIC PACHULSKI
15 ROOSTERVILLE RD

SANDISFIELD      MA 01255

        Re:  Claim No: 00041592-01
            Patient: MATTHEW PACHULSKI
            SS#: 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
        Group No: SE

Dear HARTFORD HOSPITAL

We are in receipt of a request for pre-determination submitted on behalf of the above referenced patient.

Our clinical staff has reviewed the request for medical necessity and appropriateness. As well, we have consulted the applicable summary plan document to be certain of specific coverage provisions and limitations/ exclusions.

    Eric Pachulski
      Approval of kidney transplant. Benefits are as
      follows:
      Subject to $400 inpatient hospital deductible,
      100% thereafter. Donor expenses will be covered
      under the recipient's plan.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*IMPORTANT\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Benefits are only payable if the claimant is eligible for coverage and a plan participant on the date of service. Submissions of additional claims or revisions of an approved pre-treatment plan prior to final payment, may affect this estimate and payments ultimately made. Benefits are subject to coordination with other group plans.
Please attach a copy of this letter to your billing when submitting your claim for benefit.
Please contact our customer service department at 539-9900 or 800-423-4586 if you have any questions.

PIONEER MANAGEMENT SYSTEMS, INC.   330 WHITNEY AVENUE • PO BOX 6600 • HOLYOKE, MA 01041-6600 • (413) 539-9900 • (800) 423-4586 • FAX (413) 534-0687 • WWW.PIONEERHEALTH.COM

00041592-01
PAGE NO: 2


PIONEER MANAGEMENT SYSTEMS

Sincerely,

Claims Department/LK

cc: *HARTFORD HOSPITAL



August 21, 2001

Richard R. Lavieri, Esq.
Lavieri & Dougherty, LLC
51 Elm Street
P.O. Box 983
Winsted, CT 06098-0983

RE: Sterling Engineering Corporation

Dear Attorney Lavieri:

I am writing in response to your letter dated August 6, 2001 regarding a claim for Matthew Pachulski.

We have been advised by Marlton Risk Group, Inc. (Voorhees, NJ) that there are no benefits payable on this claim at this time.

Marlton Risk Group is the managing general underwriter for Standard Security Life Insurance Company of New York. The reason provided by Marlton Risk Group for denying the claim is that the Stop Loss Disclosure Statement (submitted with the application for coverage) did not include the claimant. It is our position that we disclosed properly using an industry standard means of identifying those employees and/or dependents at risk of becoming high cost claimants. We are pursuing this matter further.

In the meantime, we have asked Sterling Engineering to fund the claim. I'm sure that you will agree that the Plan Sponsor has an obligation to pay claims in accordance with the governing Plan Document. Absent payment within a timeframe agreeable to Hartford Hospital, an action will likely be instituted against Mr. Pachulski and Sterling Engineering.

If the claim continues to be denied, then Sterling Engineering may need to pursue its own legal recourse. We will keep you apprised of our discussions with Standard Security Life Insurance Company.

Thank you.

Sincerely,

Lisa R. Crouser, Esq.
General Counsel

cc: Joe Lavieri, Jr./Sterling Engineering
    Brian Suchy/Pioneer