UNITED STATES DISTRICT COURT
DISTRICT OF MASSACCHUSETTS

STERLING ENGINEERING )
CORPORATION, )
    Plaintiff )
v. ) CIVIL ACTION NO. 03-30306-KPN
 )
PIONEER MANAGEMENT )
SYSTEMS, INC., )
    Defendant )

## ANSWER AND JURY DEMAND

### BACKGROUND

Pioneer Management Systems, Inc., ("Pioneer") responds to the Plaintiff's complaint as follows:

1. Pioneer lacks sufficient knowledge and information to admit or deny the allegations in paragraph 1.

2. Admits.

### JURISDICTION

3. Pioneer admits that there is a diversity of citizenship under 28 U.S.C. § 1332, but denies the amount in controversy exceeds $75,000.00.

4. Pioneer lacks sufficient knowledge to admit or deny the allegations contained in paragraph 4.

### FACTS

5-6. Pioneer lacks sufficient knowledge to admit or deny the allegations contained in paragraph 5 through 6.

1

7. Pioneer admits only that part of paragraph 7 that alleges it processes claims on behalf of Plaintiff Sterling, and denies the balance of paragraph 7.

8-9. Admits.

10. Denied.

11. Pioneer lacks sufficient knowledge and information to admit or deny the allegations in paragraph 11.

12-13. Denied.

14. Pioneer denies that part of Paragraph 14 that alleges it requested Plaintiff Sterling to sign an application for renewal of Standard Security Life Insurance Company, and states further that it lacks sufficient knowledge and information to admit or deny the balance of paragraph 14.

15. Denied.

16. Pioneer lacks sufficient knowledge and information to admit or deny that part of Paragraph 16 that alleges Plaintiff Sterling noted the absence of any disclosure of information concerning Matthew Pachulski, and denies the balance of paragraph 16.

17. Denied.

18. Pioneer lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18.

19. Pioneer admits so much of paragraph 19 that alleges a letter dated August 21, 2001 was mailed to Plaintiff Sterling and denies the balance of Paragraph 19.

20. Denied.

## FIRST COUNT: NEGLIGENCE

1-20.  Pioneer repeats and realleges its responses to paragraphs 1 through 20 as if set forth fully herein.

21.  Denied.

## SECOND COUNT: BREACH OF CONTRACT

1-21.  Pioneer repeats and realleges is responses to paragraph 1 through 21 as if set forth fully herein.

22.  Denied.

23.  Denied.

24.  Denied.

## THIRD COUNT: UNFAIR AND DECEPTIVE TRADE PRACTICE PURSUANT TO M.G.L. C. 93A

1-24.  Pioneer repeats and realleges its responses to paragraphs 1-24 as if set forth fully herein.

25.  Pioneer admits so much of paragraph 25 that states that it received a written demand for relief and denies the balance of paragraph 25.

26-29. Denied.

## FOURTH COUNT: UNFAIR AND DECEPTIVE TRADE PRACTICE PURSUANT TO M.G.L. C. 93A

1-29.  Pioneer repeats and realleges its responses to paragraphs 1 through 29 as if set forth fully herein.

30-32. Denied.

## FIFTH COUNT: UNFAIR AND DECEPTIVE TRADE PRACTICE PURSUANT TO M.G.L. c. 176D

1-32. Pioneer repeats and realleges its responses to paragraphs 1 to 32 as if set forth fully herein.

33-34. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery in whole or in part on any theory of negligence because of their own negligent conduct and misconduct.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by the assumption of the risk

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred by statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the damages and losses were caused by acts or omissions of persons over whom Pioneer exercised no control and for whose conduct Pioneer was not responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived any rights it may have had against the defendant

## SEVENTH AFFIRMATIVE DEFENDANT

The plaintiff is barred from recovery because it failed to give timely notice and that failure caused Pioneer substantial prejudice.

## EIGHTH AFFIRMATIVE DEFENSE

This Court does not have jurisdiction over the matter, and, accordingly, the defendant requests this action be dismissed, pursuant to Fed. R. Civ. P. Rule 12(b)(1).

## NINTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b) (5) for insufficiency of service of process.

## TENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(4) for insufficiency of process.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred by waiver and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's action as it is barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred and preempted by the Employee Retirement income Security Act of 1974, 28 U.S.C § 1100, *et seq.*

## JURY DEMAND

Defendant, Pioneer, demands a trial by jury on all the issues.

RESPECTFULLY SUBMITTED,
THE DEFENDANT

Dated: 2/6/04

By: *[signature]*
BERNARD T. O'CONNOR, JR
It's Attorney
BBO No. 557872
1391 Main Street - Suite 1022
Springfield, MA 01103-1610
(413) 781-5311

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL / ~~BY HAND~~ ON

Feb. 6, 2004
*[signature]*
Signature

6