UNITED STATES DISRICT COURT
DISTRICT OF MASSACCHUSETTS

| | |
|---|---|
| STERLING ENGINEERING CORPORATION, )<br>      Plaintiff                                         )<br>v.                                                      )<br>                                                        )<br>PIONEER MANAGEMENT SYSTEMS, INC., )<br>      Defendant/Third-Party Plaintiff     )<br>v.                                                        )<br>                                                        )<br>STANDARD SECURITY LIFE              )<br>INSURANCE COMPANY OF NEW YORK, and )<br>MARLTON RISK MANAGEMENT, INC.,   )<br>      Third Party Defendants             ) | CIVIL ACTION NO. 03-30306-KPN |

**PIONEER MANAGEMENT SYSTEMS, INC.'S THIRD PARTY COMPLAINT
AGAINST STANDARD SECURITY LIFE INSURANCE COMPANY OF NEW YORK
AND MARLTON RISK MANAGEMENT, INC., WITH JURY DEMAND**

**Introduction**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Pioneer Management Systems, Inc., ("Pioneer") hereby makes the following Third-Party Complaint against Standard Security Life Insurance Company of New York ("Standard") and Marlton Risk Management, Inc. ("Marlton"). In this action, Defendant/Third-Party Plaintiff Pioneer seeks damages for losses that incurred as a result of the failure of the Defendants Standard and Marlton to honor their obligations pursuant to an insurance policy they issued to Plaintiff Sterling Engineering Corporation ("Sterling"). Specifically, Standard and Marlton denied an insurance claim arising from Sterling's payment of medical expenses on behalf of a dependant child of one of its employees. Standard and Marlton based their denial of benefits on an incorrect assertion that the child's condition was not previously disclosed constituting a breach of contract. In support of this Third-Party Complaint, the Defendant/Third-Party Plaintiff Pioneer states as follows:

1

## Parties

1. Defendant-Third Party Plaintiff, Pioneer is a duly organized corporation under the laws of Massachusetts with a usual place of business at 330 Whitney Avenue, Holyoke, Massachusetts. Venue is proper in this court by virtue of diversity of citizenship, 28 U.S.C. s. 1332.

2. Third Party Defendant, Standard is a duly organized corporation under the laws of New York, with a usual place of business at 485 Madison Avenue, New York, New York.

3. Third Party Defendant, Marlton is a cooperation organized under the laws of the state of New Jersey and having a principle place of business at Main Street, Promenade, Suite 4015, Voorhees, New Jersey.

4. The plaintiff, Sterling, is believed to be a Connecticut corporation with a principal place of business in Barkhamsted, Connecticut.

## Facts

5. Sterling established a medical benefit plan for its employees and eligible dependants that included a "stop loss" or "excess" insurance component.

6. On or about February 1, 2000, Standard entered into a contract with Sterling to provide excess risk medical insurance coverage to Sterling employees and their dependants for a period of one year. Sterling's coverage was renewed for an additional year, on or about February 1, 2001.

7. Marlton served as Standard's managing general agent in connection with Standard's provision of insurance coverage to Sterling. On information and belief, Marlton and Standard acted in concert in connection with all actions relevant to this complaint.

8. Pioneer and Sterling are parties to a contract which requires, inter alia, that Pioneer provides Sterling with services related to the management of Sterling's insurance claims. These services include administering and processing claims.

9. Among the employees receiving health insurance from the Sterling Group Insurance Plan (reinsured by Standard) was Eric Pachulski.

10. On or about July 6, 2000, employee Eric Pachulski's dependent, Matthew Pachulski initially was scheduled to receive a kidney transplant. By October 2000, however, all plans for the transplant were terminated because Matthew Pachulski's condition had stabilized and improved.

11. During the 2000 reinsurance contract year, both Standard and Marlton were aware that Matthew Pachulski was a candidate for a potential kidney transplant since there were several conversations between Pioneer, Marlton and Standard about organ transplant benefits

12. Matthew Pachulski's medical expenses from January 2000 until March 8, 2001 totaled $5,102.55. Matthew Palchulski's expenses neither incurred medical expenses in excess of $10,000.00 nor were the expenses expected to reach 50% of the specific deductible.

13. In March 2001, Matthew Pachulski underwent a kidney transplant and Pioneer on behalf of Sterling submitted to Marlton a claim for reimbursement of medical expenses paid by Sterling on behalf of Matthew Pachulski.

14. On or about June 19, 2001, Marlton informed Pioneer that there no benefits were payable on the claim regarding Matthew Pachulski because the stop-loss disclosure statement signed by Sterling on January 27, 2001 did not disclose the claimant as a potential kidney transplant candidate.

15. The plaintiff, Sterling Engineering Corporation has initiated an action against defendant-third party plaintiff, Pioneer Management Systems Inc. alleging that Pioneer negligently failed to fulfill its promise to obtain reinsurance and failed to disclose a medical condition to the reinsurance carrier, and as a result thereof, suffered damages.

16. The third-party defendant Standard entered into a contract with Sterling in which it agreed to pay specific excess medical benefit claims in excess of $20,000.00 to the employer, Sterling, known as an "excess" insurance policy.

17. Marlton administered the excess insurance plan on behalf of Standard.

18. If the defendant/third-party plaintiff Pioneer is found to have been negligent or otherwise liable, then the third-party defendant, Standard, is liable to the third-party plaintiff for damages alleged in the plaintiff's Complaint.

19. If the defendant/third-party plaintiff Pioneer is found to have been negligent or otherwise liable, then the third-party defendant, Marlton, is liable to the third-party plaintiff for damages alleged in the plaintiff's Complaint.

Count One
Pioneer Management Systems, Inc. v. Standard Security Life Insurance Company of New York
**(Breach of Contract)**
Count 1

20. Defendant/Third-Party Plaintiff, Pioneer repeats and realleges and incorporates by reference its allegations in paragraphs 1 through 19 as if fully set forth herein.

21. Standard and Marlton entered into a legally and forcible contract to provide insurance coverage to employee's of Sterling and their dependants, including Matthew Pachulski.

22. Pioneer complied with its obligation under their contract with Sterling and provided Standard and Marlton with all pertinent information, including information regarding Matthew Pachulski's condition.

23. Standard and Marlton willfully, knowingly and unjustifiably breach their contractual obligations by refusing to reimburse Sterling for medical expenses arising from Matthew Pachulski's condition.

24. The plaintiff, Sterling has initiated an action against defendant-third party plaintiff, Pioneer alleging that Pioneer negligently failed to fulfill its promise to obtain reinsurance and failed to disclose a medical condition to the reinsurance carrier, and as a result thereof, suffered damages.

25. The plaintiff's alleged damages were not caused by the negligence or by any other fault of the defendant/third-party plaintiff, Pioneer.

26. The plaintiff's alleged damages were caused by the negligence and breach of contract by the third-party defendant Standard.

27. The defendant/third-party plaintiff, Pioneer, denies it was negligent but states that if it was found to have been negligent or otherwise liable, than the third-party defendant Standard is liable to Pioneer for the damages alleged in the plaintiff's complaint.

Wherefore, the defendant/third-party plaintiff, Pioneer demands judgment against third-party defendant Standard for the full amount it is entitled to pursuant to the law.

Count Two
Pioneer Management Systems Inc. v. Standard Security Life Insurance Company of New York
**(Contribution)**

28. Defendant/Third-Party Plaintiff, Pioneer repeats and realleges and incorporates by reference its allegations in paragraphs 1 through 27 as if fully set forth herein.

29. The plaintiff, Sterling has initiated an action against defendant/third-party plaintiff, Pioneer. alleging that negligently failed to fulfill its promise to obtain reinsurance and failed to disclose a medical condition to the excess insurance carrier, and as a result thereof, suffered damages.

30. The plaintiff's alleged damages were not caused by the negligence or by any other fault of the defendant/third-party plaintiff, Pioneer.

31. If the plaintiff's alleged damages were caused by the negligence or other fault of anyone other than the plaintiff it was caused by the negligence or other fault of the third party defendant Standard.

32. The defendant/third-party plaintiff, Pioneer, denies it was negligent but states that if it was found to have been negligent or otherwise liable, than the third party defendant Standard is jointly liable with Pioneer for the damages alleged in the plaintiff's complaint and that Pioneer is entitle to contribution from third party defendant Standard .

Wherefore, the defendant/third-party plaintiff, Pioneer demands judgment against third party defendant Standard for the full amount it is entitled to pursuant to the law.

Count Three
Pioneer Management Systems, Inc. v. Marlton Risk Management, Inc.
**(Breach of Contract)**

33. Defendant/Third-Party Plaintiff, Pioneer repeats and realleges and incorporates by reference its allegations in paragraphs 1 through 32 as if fully set forth herein.

34. Standard and Marlton entered into a legally and forcible contract to provide insurance coverage to employee's of Sterling and their dependants, including Matthew Pachulski.

35. Pioneer complied with its obligation under their contract with Sterling and provided Standard and Marlton with all pertinent information, including information regarding Matthew Pachulski's condition.

36. Standard and Marlton willfully, knowingly and unjustifiably breach their contractual obligations by refusing to reimburse Sterling for medical expenses arising from Matthew Pachulski's condition.

37. The plaintiff, Sterling has initiated an action against defendant-third party plaintiff, Pioneer alleging that Pioneer negligently failed to fulfill its promise to obtain reinsurance and failed to disclose a medical condition to the reinsurance carrier, and as a result thereof, suffered damages.

38. The plaintiff's alleged damages were not caused by the negligence or by any other fault of the defendant/third-party plaintiff, Pioneer.

39. The plaintiff's alleged damages were caused by the negligence and breach of contract by the third-party defendant Marlton in administering the plan for third party defendant Standard

40. The defendant/third-party plaintiff, Pioneer, denies it was negligent but states that if it was found to have been negligent or otherwise liable, than the third-party defendant Standard is liable to Pioneer for the damages alleged in the plaintiff's complaint.

Wherefore, the defendant/third-party plaintiff, Pioneer demands judgment against third-party defendant Standard for the full amount it is entitled to pursuant to the law.

Count Four
Pioneer Management Systems Inc. v. Marlton Risk management, Inc.
**(Contribution)**

41. Defendant/third-party plaintiff, Pioneer. repeats and realleges and /incorporates by reference its allegations in paragraphs 1 through 40 above.

42. The plaintiff, Sterling has initiated an action against defendant-third party plaintiff, Pioneer alleging that Pioneer negligently failed to fulfill its promise to obtain reinsurance and failed to disclose a medical condition to the reinsurance carrier, and as a result thereof, suffered damages.

43. The plaintiff's alleged damages were not caused by the negligence or by any other fault of the defendant/third-party plaintiff, Pioneer.

44. If the plaintiff's alleged damages were caused by the negligence or other fault of anyone other than the plaintiff it was caused by the negligence or other fault of the third party defendant Marlton.

45. The defendant/third-party plaintiff, Pioneer, denies it was negligent but states that if it was found to have been negligent or otherwise liable, than the third party defendant Marlton is jointly liable with Pioneer for the damages alleged in the plaintiff's complaint and that Pioneer is entitle to contribution from third party defendant Marlton.

Wherefore, the defendant/third-party plaintiff, Pioneer Management Systems Inc demands judgment against third party defendant Marlton for the full amount it is entitled to pursuant to the law.

## REQUEST FOR RELIEF

WHEREFORE, Pioneer Management Systems, Inc., requests that this Honorable Court award it:

    a.    Damages in contribution or indemnification to the fullest extent allowed by law;

    b.    Attorneys fees, interests and costs as allowed by law; and

    c.    Any other relief which the court deems appropriate.

## JURY DEMAND

Pioneer Management Systems, Inc., demands a trial by jury on all issues so friable.

RESPECTFULLY SUBMITTED,
THE DEFENDANT

Dated: 3/ /2004

By: _____
BERNARD T. O'CONNOR, JR.
It's Attorney
BBO No. 557872
1391 Main Street - Suite 1022
Springfield, MA 01103-1610
(413) 781-5311