UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STERLING ENGINEERING CORPORATION,<br>Plaintiff | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 03-30306-KPN |
| PIONEER MANAGEMENT SYSTEMS, INC.,<br>Defendant/Third-Party Plaintiff | )<br>)<br>) | **ANSWER TO THIRD-<br>PARTY COMPLAINT AND<br>COUNTERCLAIM** |
| v. | )<br>) | |
| STANDARD SECURITY LIFE<br>INSURANCE COMPANY OF NEW YORK and<br>MARLTON RISK MANAGEMENT, INC.<br>Third-Party Defendants | )<br>)<br>)<br>) | |

Defendants Standard Security Life Insurance Company of New York ("Standard Security") and Voorhees Risk Management, L.L.C. ("Voorhees") d/b/a Marlton Risk Group, Inc. erroneously sued herein as "Marlton Risk Management, Inc.", by and through their attorneys, Lazare Potter Giacovas & Kranjac LLP, hereby answer Defendant/Third-Party Plaintiff's Complaint ("Third-Party Complaint") as follows:

1.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Third-Party Complaint labeled "Introduction" that pertain to a party other than Standard Security or Voorhees, and deny the remaining allegations, except admit that Standard Security properly and justifiably denied the insurance claim brought in connection with a dependent child of an employee of Sterling Engineering Corporation ("Sterling"), and again hereby so denies said insurance claim because of, among other reasons, the non-disclosure of the child's condition.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 4, 8, 9, 10, 12, 15 of the Third-Party Complaint.

3.  Admit the allegations contained in paragraph 2 of the Third-Party Complaint.

4.  Deny the allegations contained in paragraph 3 of the Third-Party Complaint, except admit that Voorhees is a New Jersey Corporation with a principle place of business at Main Street Promenade, Suite 4015, Voorhees, New Jersey.

5.  Deny the allegations contained in paragraphs 5, 6 and 16 of the Third-Party Complaint, except admit that Standard Security issued an excess insurance policy, no. MP-208-01 (the "Policy") to Sterling, and respectfully refer the Court to the Policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

6.  Deny the allegations contained in paragraph 7 of the Third-Party Complaint, except admit that Voorhees was Standard Security's managing general underwriter with respect to the Policy.

7.  Deny the allegations contained in paragraphs 11, 18 and 19 of the Third-Party Complaint.

8.  Deny, upon information and belief, the allegations contained in paragraph 13 of the Third-Party Complaint, except admit that Voorhees received a claim for reimbursement of certain medical expenses allegedly paid by Sterling on behalf of Matthew Pachulski (the "claimant") with respect to a claimed kidney transplant (the "claim").

9.  Admit the allegation contained in paragraph 14 of the Third-Party Complaint, and state further that on June 19, 2001 Voorhees properly and justifiably denied the claim because of, among other reasons, the non-disclosure of claimant's medical condition and potential for a

transplant and again hereby so denies to pay the claim or otherwise act as an insurer with respect to the claim.

10. Deny the allegations contained in paragraph 17 of the Third-Party Complaint, except admits that Voorhees administered the Policy on behalf of Standard Security.

### AS AND FOR A RESPONSE TO COUNT ONE

11. Repeat and reallege each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 20 thereof.

12. Deny the allegations contained in paragraph 21 of the Third-Party Complaint and respectfully refer the Court to the Policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

13. Deny the allegations contained in paragraphs 22, 23, 26 and 27 of the Third-Party Complaint.

14. Deny, upon information and belief, the allegations contained in paragraph 25 of the Third-Party Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint.

### AS AND FOR A RESPONSE TO COUNT TWO

16. Repeat and reallege each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 28 thereof.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint.

18. Deny, upon information and belief, the allegations contained in paragraph 30 of the Third-Party Complaint.

19. Deny the allegations contained in paragraphs 31 and 32 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO COUNT THREE

20. Repeat and reallege each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 33 thereof.

21. Deny the allegations contained in paragraph 34 of the Third-Party Complaint and respectfully refer the Court to the Policy for its full and precise terms, conditions, provisions, exclusions and any effect thereof.

22. Deny the allegations contained in paragraphs 35, 36, 39 and 40 of the Third-Party Complaint.

23. Deny, upon information and belief, the allegations contained in paragraph 38 of the Third-Party Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Third-Party Complaint.

## AS AND FOR A RESPONSE TO COUNT FOUR

25. Repeat and reallege each and every response contained herein to the paragraphs of the Third-Party Complaint realleged in paragraph 41 thereof.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Third-Party Complaint.

27. Deny, upon information and belief, the allegations contained in paragraph 43 of the Third-Party Complaint.

28. Deny the allegations contained in paragraphs 44 and 45 of the Third-Party Complaint.

## AS AND FOR A FIRST DEFENSE

29. Third-Party Plaintiff has failed to state any claim or cause of action for which relief can be granted.

## AS AND FOR A SECOND DEFENSE

30. Third-Party Plaintiff is estopped from asserting any claims and its claims are barred, upon information and belief, by unclean hands, laches, waiver, statute of limitations and/or estoppel.

## AS AND FOR A THIRD DEFENSE

31. Third-Party Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

## AS AND FOR A FOURTH DEFENSE

32. Upon information and belief, Third-Party Plaintiff has failed to mitigate its alleged damages.

## AS AND FOR A FIFTH DEFENSE

33. The claim(s), in whole and/or in part, are not covered by and/or are excluded from coverage under the terms, exclusions, conditions, definitions and limitations in the Policy and, to that extent, Third-Party Plaintiff's Complaint should be dismissed.

## AS AND FOR A SIXTH DEFENSE

34. Third-Party Plaintiff is not a party (or a third-party beneficiary) to any contract between Standard Security and/or Voorhees on the one hand, and Plaintiff, on the other. Thus, Third-Party Defendants cannot be liable for any breach of such contract. Nor does Third-Party Plaintiff otherwise have standing to seek recovery in connection with any such insurance contract.

## AS AND FOR A SEVENTH DEFENSE

35. As part of its application to obtain the Policy, Plaintiff and/or Third-Party Plaintiff submitted the Stop Loss Disclosure Statement (the "Disclosure Statement") to Third-Party Defendants. The Disclosure Statement required Plaintiff to provide certain information regarding the following individuals as part of the disclosure process:

   1) Please list those covered person who have incurred medical expenses in excess of 50% of specific (paid/pending) in the last 12 months.

   2) Please list those employees which are not actively at work and/or will not be actively at work on the coverage effective date.

   3) Please list dependents of active employee, COBRA beneficiaries (including dependents) and retirees (including dependents) who are currently hospital confined.

   4) Other than those individuals listed above, please list any other covered person where a) medical expenses are expected to reach or exceed 50% of the specific deductible and/or b) any person known to have any of the following conditions: AIDS, ARC, leukemia, sever cardiovascular disease, any sever disorder of a major organ system, severe burns or traumas, any form of paralysis, premature infancy; or is a potential organ transplant candidate. (Including pre-certified claims.)

36. The claim at issue would not be covered under the Policy because, upon information and belief, prior to the submission of the Disclosure Statement, Matthew Pachulski's "medical expenses [were] expected to reach or exceed 50% of the specific deductible." Further, the claim at issue would not be covered under the Policy to the extent that Matthew Pachulski "incurred medical expenses in excess of 50% of specific (paid/pending) in the last 12 months" prior to the submission of the Disclosure Statement.

37. Moreover, the claim at issue would not be covered under the Policy because, upon information and belief, Matthew Pachulski was "known to have any of the following conditions:

-6-

. . . sever disorder of a major organ system, . . . or is a potential organ transplant candidate (Including pre-certified claims)." Specifically, upon information and belief, Plaintiff and/or Third-Party Plaintiff knew or should have known that Matthew Pachulski was scheduled to undergo a kidney transplant in 2000; was a potential kidney transplant candidate in 2001; had suffered from renal failure; and/or suffered from a medical disorder related to his kidney(s). However, Plaintiff and/or Third-Party Plaintiff intentionally omitted Matthew Pachulski (or the required information) from the Disclosure Statement and did not otherwise disclose Matthew Pachulski or his medical condition to Third-Party Defendants. To the extent that the above referenced disclosures had been made to Standard Security and/or Voorhees, Standard Security would not have issued the Policy, the premium would have been increased and/or the risk of loss would have increased. Thus, the claim at issue not covered under the Policy.

AS AND FOR AN EIGHTH DEFENSE

38. The Policy also provides, in pertinent part:

> Any Employee or Dependent not disclosed with a current medical condition (which exceeds 50% of the Specific Deductible or is expected to exceed 50% of the Specific Deductible), may not qualify for coverage under this policy for that medical conditional until such time as written Disclosure is made and the risk is accepted by Marlton Risk Group.

39. The claim at issue does not qualify for coverage under the Policy because, upon information and belief, Plaintiff and/or Third-Party Plaintiff knew or should have known that Matthew Pachulski's medical condition exceeded "50% of the Specific Deductible or [was] expected to exceed 50% of the Specific Deductible." Plaintiff and/or Third-Party Plaintiff, however, intentionally omitted Matthew Pachulski or his medical condition in any disclosure to Third-Party Defendants. To the extent that the above referenced disclosure(s) had been made to Standard

Security and/or Voorhees, Standard Security would not have issued the Policy, the premium would have been increased and/or the risk of loss would have increased. Thus, the claim at issue is not covered under the Policy.

AS AND FOR A NINTH DEFENSE

40.     The loss relating to the above described claimant was known or should have been known by Plaintiff and Third-Party Plaintiff at the time they sought to procure the Policy and, in any event, prior to is issuance. Thus, the loss at issue constituted a "known risk" and/or a "loss in progress" and was not fortuitous. Under the Policy and controlling law, there can be no coverage for any such loss.

AS AND FOR A TENTH DEFENSE

41.     At no time during the application process or prior to the issuance of the relevant policy did Plaintiff, Pioneer or any representative disclose to Standard Security, Voorhees or any other related or affiliated entity the fact that claimant Matthew Pachulski was scheduled to undergo a kidney transplant in 2000, was a potential kidney transplant candidate, had suffered from renal failure and/or suffered from a medical disorder or condition related to his kidney(s). Had Plaintiff, Pioneer or any representative answered the application and the Disclosure Statement accurately and truthfully (i.e., had they disclosed to Standard Security and/or Voorhees the fact that claimant Matthew Pachulski was scheduled to undergo a kidney transplant in 2000, was a potential kidney transplant candidate, had suffered from renal failure and/or suffered from a medical disorder or condition related to his kidney(s)), Standard Security would not have issued the Policy with respect to claimant Matthew Pachulski as it was issued. In justifiable and detrimental reliance upon the

application and the Disclosure Statement, and without having been advised of the above-described circumstances, Standard Security issued the Policy.

42. Moreover, the representations in the Disclosure Statement were false, incomplete and/or intended to deceive, and that, had Standard Security and Voorhees been provided with complete and accurate information, it would not have issued the Policy, the premium would have been increased and/or the risk of loss would have increased. Further, Plaintiff and her authorized representative (i.e., Pioneer) knew of the claimant's medical condition and that the claimant was a potential organ transplant candidate, and knew and/or reasonably should have known that said information was material to the application for insurance and the Disclosure Statement, but intentionally concealed and/or otherwise failed to disclose said information to Standard Security and Voorhees. Said information was material to the risk, and the Policy would not have been issued with respect to this claimant as it was issued had the above referenced information been disclosed. As a result of the above-alleged material misrepresentations and concealments of material facts, Standard Security and Voorhees have a complete defense to the claims at issue.

AS AND FOR AN ELEVENTH DEFENSE

43. Any coverage afforded by the Policy would be subject to any and all deductibles, lasers, "attachment points," retained limits, retentions, self insured retentions and/or other limits as stated in any such policy. For example, any claim under the Policy is subject to a $20,000 per person deductible. In other words, before the Policy begins to reimburse claims of any one individual or "covered unit," such claims must reach the $20,000 "Specific Attachment Point" as described in the Policy.

## AS AND FOR A TWELFTH DEFENSE

44. The Complaint should be dismissed to the extent it concerns or relates to any alleged circumstances, losses, damages, services, medical procedures or treatment that took place outside of the policy period of the Policy and/or any other possibly relevant policy of insurance issued by Standard Security or any other related or affiliated entity upon which plaintiff is basing its claims. Also, this action should be dismissed to the extent that any alleged circumstances, losses, damages, services, medical procedures or treatment took place after the cancellation or expiration of the Policy or any other relevant insurance policy issued by Standard Security.

## AS AND FOR A THIRTEENTH DEFENSE

45. Plaintiff and Third-Party Plaintiff are not entitled to any "Plan Benefit Payments" (as defined in the Policy) to the extent that any such payments were not "Incurred and Paid" (as defined in the Policy) during the applicable time period(s) referenced in the Policy.

## AS AND FOR A FOURTEENTH DEFENSE

46. The Third-Party Complaint should be dismissed because there is not privity of contract.

## AS AND FOR A FIFTEENTH DEFENSE

47. Under its terms, the Policy does not apply to claims for any loss or expenses caused by or resulting from:

> Expenses resulting from services which are billed in excess of the usual and customary charge for the locality where provided.

> \* \* \*

> Expenses for which benefits are not payable under the Plan because of an exclusion for expenses incurred due to a pre-existing condition.

48. Thus, the Policy would not cover any insured or alleged insured if and to the extent any claims against any said entity or individual fall within the above exclusions. Standard Security and Voorhees reserve all their rights in this regard.

### AS AND FOR A SIXTEENTH DEFENSE

49. Under any circumstances, Plaintiff and Third-Party Plaintiff are not entitled to any payment(s) beyond that permitted by the terms, conditions and procedures set forth in the Policy.

### AS AND FOR A SEVENTEENTH DEFENSE

50. Standard Security, Voorhees and any other relevant related or affiliated entity reserve the right to assert additional defenses (policy based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

### AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFF STERLING ENGINEERING CORPORATION

51. Standard Security and Voorhees repeat and reallege each and every allegation contained in paragraphs 1 through 50 as though fully set forth herein.

52. The Policy provides that:

> The Employer [i.e., Sterling] hereby indemnifies and holds harmless the Company from any liabilities or obligations arising from or related to any actions or omissions of the Administrator [i.e., Pioneer]. This includes, without limit, losses resulting from errors or delays related to the systems of the Employer or the Administrator.

53. Plaintiff and/or Third-Party Plaintiff's alleged damages were not caused by the negligence, breach of contract or any other culpable conduct of Standard Security or Voorhees.

54. Plaintiff and/or Third-Party Plaintiff's alleged damages arise from or relate to "actions or omissions of the Administrator [i.e., Pioneer]."

55.  Standard Security and Voorhees deny that they breached any contract, were negligent or were otherwise culpable, but if they are found to be liable to Third-Party Plaintiff, then Standard Security and/or Voorhees would be entitled to indemnification and/or contribution from Plaintiff pursuant to the above referenced contractual provision for any such damages.

56.  There exists a real, actual and justiciable controversy between Standard Security, Voorhees and Plaintiff.

53.  Standard Security and Voorhees have no adequate remedy at law with respect to the allegations in this cross-claim.

**WHEREFORE**, Third-Party Defendants Standard Security Life Insurance Company of New York and Voorhees Risk Management L.L.C. d/b/a Marlton Risk Group, Inc. erroneously sued herein as "Marlton Risk Management, Inc." demand judgment as follows:

a.  declaring that they have no obligation to indemnify, and have no other obligation to Plaintiff, Third-Party Plaintiff or any other relevant party herein;

b.  otherwise dismissing the Third-Party Complaint as against Standard Security and Voorhees in its entirety;

c.  declaring that Plaintiff has an obligation to indemnify Standard Security and Voorhees from any and all liabilities, damages or obligations in this action.

c.  awarding Standard Security and Voorhees their expenses, costs and reasonable attorneys fees; and

d.  awarding Standard Security and Voorhees such other and further relief as the Court otherwise deems just and proper.

Dated: New York, New York
       April 27, 2004

          Yours, etc.,

          LAZARE POTTER GIACOVAS & KRANJAC LLP

          By: _____
               Andrew M. Premisler (BBO # 641109)
          950 Third Avenue
          New York, New York 10022
          (212) 758-9300
          Attorneys for Third-Party defendants Standard
          Security Life Insurance Company of New York and
          Marlton Risk Group, Inc.

          -and-

          Steven R. Weiner, Esq. (BBO # 520090)
          930 Main Street
          Springfield, MA 01103
          (413) 781-1154

TO:   Bernard T. O'Connor, Jr.
      1391 Main Street, Suite 1022
      Springfield, MA 01103-1610
      (413) 781-5311
      Attorneys for Third-Party Plaintiff

      Elizabeth J. Quigley, Esq.
      Elizabeth J. Quigley & Associates
      27 Henry Avenue
      Pittsfield, MA 01201
      Attorneys for Plaintiff